976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donna Luann LOVETT, Defendant-Appellant.
 Nos. 91-6248, 91-6307 and 91-6322.
 United States Court of Appeals, Tenth Circuit.
 Sept. 21, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant Donna Luann Lovett, pro se, appeals the district court's adjudication of her interest in property ordered forfeited as a result of her husband's criminal convictions. Also before us is our stay of the disposition of two items of forfeited personal property, which we granted pending the conclusion of Mr. Lovett's direct criminal appeal.
 
 
 3
 Ms. Lovett and her husband Aaron Keith Lovett were indicted on several criminal counts alleging fraudulent acquisition of funds owned by Mr. Lovett's grandmother. Following a jury trial, Mr. Lovett was convicted of nine counts of interstate transportation of fraudulently obtained funds in violation of 18 U.S.C. § 2314, fifteen counts of monetary transactions in property derived from unlawful activity in violation of 18 U.S.C. § 1957, and four counts of money laundering in violation of 18 U.S.C. § 1956. In addition, the jury ordered the forfeiture of various items of real and personal property pursuant to 18 U.S.C. § 982. Ms. Lovett was acquitted of all criminal counts.
 
 
 4
 On Ms. Lovett's motions, this court stayed disposition of the forfeited parcel of real estate and the 1990 GMC Suburban vehicle, pending resolution of this appeal, pursuant to 21 U.S.C. § 853(h). The district court was authorized to proceed with the disposition of the remaining forfeited property. Mr. Lovett's appeal was determined by this court in United States v. Lovett, 964 F.2d 1029 (10th Cir.1992), petition for cert. filed, (U.S. June 22, 1992) (No. 91-8719). In that case, this court affirmed the counts resulting in forfeiture of the real estate and certain personal property not included in our stay order, but reversed Mr. Lovett's conviction on the counts requiring forfeiture of the Suburban vehicle.
 
 
 5
 * Stay of Disposition of Property
 
 
 6
 On July 7, 1992, we issued an order requiring the parties to show cause why the stay should not be vacated, in light of this court's resolution of Mr. Lovett's criminal appeal. We have reviewed the responses filed by both parties, including Ms. Lovett's supplemental authorities.[1] Ms. Lovett requests the stay be extended until the merits of her claims here are decided, or until the United States Supreme Court rules on her husband's pending petition for a writ of certiorari. Because we now determine her claims on the merits, and because this court has resolved Mr. Lovett's direct criminal appeal, we vacate the stay issued by this court on December 16, 1991, for the disposition of the following property:
 
 
 7
 (a) real estate commonly known as: 9804 Rockwell Terrace, Oklahoma City, Oklahoma, legally described as: Lot 14, in Block 11, of Briarcreek Blocks 8-14, Inclusive, an addition to the City of Oklahoma City, Oklahoma County, Oklahoma, subject to the district court's previous determination of her interest in the property, and
 
 
 8
 (b) 1990 GMC Suburban, VIN 1GKEV16K4LF532394, subject to our remand in light of United States v. Lovett, 964 F.2d 1029. See United States v. Patrick, 965 F.2d 1390, 1398-99 (6th Cir.1992) ("[T]here is no reason to stay the forfeiture proceedings here because we affirm [defendant's] conviction and because we uphold the district court's finding that the petitioners have no valid claim to the forfeited property."), petition for cert. filed, 61 U.S.L.W. 3150 (U.S. Aug. 11, 1992) (No. 92-269).
 
 II
 Merits
 
 9
 On the merits, Ms. Lovett claims that the district court erred in its adjudication of her interest in the subject real and personal property. She claims a greater interest in all of the forfeited property than that adjudicated by the district court. Although no transcript of the district court proceedings has been provided by Ms. Lovett, as required by Fed.R.App.P. 10(b)(2) when a party challenges the factual findings of the district court, the record on appeal is otherwise complete, including each of the numerous briefs filed with the district court in this case. We review factual determinations of the district court, such as the calculation of Ms. Lovett's interest in the forfeited property, under a clearly erroneous standard. Fed.R.Civ.P. 52(a). Applying that standard, we find no basis in the record for upsetting the district court's determination as to Ms. Lovett's financial stake in the property at issue.
 
 III
 Conclusion
 
 10
 The government's motion to strike portions of reply brief or in the alternative allow responsive brief is DENIED.
 
 
 11
 The stay of disposition of the forfeited property issued by this court on December 16, 1991, is VACATED. The judgment of the United States District Court for the Western District of Oklahoma regarding disposition of the Suburban automobile is REVERSED, and the cause is REMANDED for further proceedings only insofar as may be necessary in light of the reversal of Mr. Lovett's conviction based on the Suburban, and the corresponding forfeiture count. United States v. Lovett, 964 F.2d at 1036. The district court's judgment on the merits, including its determination of Ms. Lovett's interest in the forfeited properties, is AFFIRMED in all other respects.
 
 
 12
 The mandates shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We express no opinion on the government's argument that the 1990 GMC Suburban automobile was purchased with forfeited funds. See Plaintiff-Appellee's Memorandum Brief in Response to Court Order at 7. The disposition of the Suburban in Mr. Lovett's criminal case on remand is not an issue in this proceeding